## SECOND DEPARTMENT, DECEMBER, 1922.

In the Matter of the Petition of GEORGE H. COREY, to Prove the Last Will and Testament of MARY ANN FORDHAM, Late of the County of Kings, Deceased.

*Wills — execution — testimony of subscribing witnesses contradictory as to due acknowledgment by testatrix — regular form of attestation clause signed by witnesses — long lapse of time since execution — due execution presumed and probate allowed — construction — all persons entitled to receive under fifth and sixth paragraphs of will predeceased testatrix — no provision for alternative gift — residuary passes under intestate laws.*

Appeal by the petitioner from so much of a decree of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court July 13, 1922, as construes the fifth and sixth paragraphs of said decedent's will.

Decree of the Surrogate's Court of Kings county affirmed upon the opinion of the surrogate, with costs to each of the parties separately appearing, payable out of the estate. Blackmar, P. J., Rich, Kelly, Manning and Young, JJ., concur.

The following is the opinion of the surrogate:

WINGATE, S.: The instrument offered for probate was executed twenty-two years ago and the recollection of the subscribing witnesses is indistinct and their testimony contradictory. It is contended that the proofs fail to establish acknowledgment of her signature by the decedent and due publication of the instrument as her will. The execution of the propounded paper was supervised by the decedent's husband who wrote the entire instrument in his own handwriting. He, though not a lawyer, had sufficient knowledge of the formalities

of wills and of their execution to write out a full attestation clause and to have the witnesses sign it. This clause, as signed by the subscribing witnesses, contains the declaration that the "above instrument was declared by the testatrix to be her last will and testament and we, at her request * * *, signed our names as witnesses." In view of the great lapse of time since the transaction in question, the contradictory statements of the witnesses and of the fact that the man who supervised the execution realized the advisability of having an attestation clause, and, having written it, knew its contents, the probabilities are so clearly in favor of due execution that the paper propounded must be admitted to probate as the last will and testament of the decedent. Proceeding to the construction of the will, which is put in issue: The remainder over upon the termination of the life estate created by the 5th paragraph is payable, by the terms of the 6th paragraph, to the heirs at law and next of kin of Caleb S. Fordham, determined as of the date of the death of Allan McC. Fordham. Caleb S. Fordham and Allan McC. Fordham predeceased the testatrix. The heirs at law and next of kin of Caleb S. Fordham living at the death of Allan McC. Fordham also died before her death. There being no provision for an alternative gift upon the death of any or all of these persons, a lapse results as to the share of each. The residuary property must be distributed under the statutes applicable to intestate estates.*